UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JACK E. CROSS, JR.,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No. 3:13-CV-725-TAV-CCS
                                       )
SUMMIT MEDICAL GROUP, PLLC,            )
                                       )
            Defendant.                 )
                                       )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Dismiss for Failure to Prosecute, or in the Alternative, for an Order Requiring Plaintiff to Respond to Discovery on or before March 9, 2015 or Show Cause Why the Matter Should Not Be Dismissed [Doc. 15]. This motion was filed on March 2, 2015, and referred to the undersigned on June 16, 2015. There has been no timely opposition to the motion.

On December 17, 2013, Plaintiff filed a Complaint in this Court asserting claims under Title VII and the Tennessee Human Rights Act. On August 8, 2014, the Court issued a Scheduling Order [Doc. 7]. There is no dispute that, on October 30, 2014, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents and responses thereto were due on or before Monday, December 1, 2014. Defendant's counsel sent Plaintiff's counsel correspondence on December 3, 2014, requesting responses to outstanding discovery on or before December 4, 2014.

On January 7, 2015, the parties agreed to jointly move the Court to continue the trial and amend the Scheduling Order. On January 8, 2015, the Court granted the parties Joint Motion to Continue Trial and Amend Scheduling Order. [Doc. 12]. Trial is now set November 16, 2015 at 9:00 a.m.

On January 16, 2015, Plaintiff's counsel filed a Motion for Permission to Withdraw as Counsel of Record for the Plaintiff [Doc. 13]. Counsel advised the Court that Plaintiff had failed to fulfill one or more obligations owed to counsel and had failed to respond to counsel's attempts to advise him of their intent to withdraw. On January 28, 2015, the Court granted the Motion to Withdraw, relieving counsel of their duties as counsel to Plaintiff and admonishing Plaintiff that he is proceeding *pro se* and that it was "his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court . . . and responding to any requests for relief by other parties." [Doc. 14].

On January 29, 2015, defense counsel sent correspondence to Plaintiff requesting that he respond to the outstanding discovery on or before February 6, 2015. Defendant represents that Plaintiff did not respond, and as a result, Defendant filed the instant motion on March 2, 2015.

In its motion, Defendant proposes two alternative forms of relief: first, Defendant moves the Court to dismiss Plaintiff's claims with prejudice; and second, Defendant moves the Court to enter an Order directing the Plaintiff to respond to the discovery at issue by a certain date. Defendant also moves the Court to award fees and costs associated with its motion. The Court will address each of the Defendant's requests for relief in turn.

As an initial matter, the Court finds that the Defendant failed to participate in a telephonic discovery-dispute conference as required by the Scheduling Order. Specifically, the Scheduling Order directs that if parties are not able to resolve their discovery disputes amongst themselves,

"they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, which conference shall be by telephone or in court, at the discretion of the Magistrate Judge, who also shall have the discretion to make findings and enter an order on the dispute." [Doc. 7 at 4]. The Defendant did not participate in such a conference with the undersigned, nor is there any evidence in the record that the Defendant attempted to undertake such a conference. Nonetheless, in this case, the Court will waive the discovery-dispute conference requirement, as given the Plaintiff's lack of response to the instant motion, the Court finds that it is unlikely that Plaintiff would have participated in a discovery-dispute conference.

Notwithstanding, the Court finds that the request for dismissal is premature. The Defendant did not attempt to compel Plaintiff's responses by filing a motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Instead, the Defendant jumped to the ultimate sanction – dismissal – as a means of resolving this discovery dispute. Based upon the foregoing, the Court finds that the Defendant's request for dismissal is premature, and it will be denied without prejudice.

The Court finds that the Defendant's alternative relief – that the Plaintiff be compelled to answer the outstanding discovery – is well-taken. The Defendant served the First Set of Interrogatories and Requests for Production of Documents on Plaintiff on October 30, 2014, over seven months ago. The Plaintiff has had far longer than is normally permitted to respond to this discovery, and at this juncture, his failure to respond now threatens to delay the trial of this matter. The Court finds that the Plaintiff has not responded to the outstanding discovery in a timely manner and it is appropriate to compel Plaintiff to respond.

Despite granting a part of the Defendant's requested relief, the Court will decline to award fees and costs to the Defendant because the Plaintiff is proceeding pro se and is afforded a

degree of latitude and because Defendant itself did not fully comply with the Scheduling Order. Accordingly, any request for fees will be denied. See Fed. R. Civ. P. 37(a)(5)(C).

Based upon the foregoing, the Defendant's Motion to Dismiss for Failure to Prosecute, or in the Alternative, for an Order Requiring Plaintiff to Respond to Discovery on or before March 9, 2015 or Show Cause Why the Matter Should Not Be Dismissed **[Doc. 15]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The Defendant's request that this case be dismissed is **DENIED WITHOUT PREJUDICE**.

2. The Defendant's request that the Plaintiff be ordered to answer the outstanding discovery is **GRANTED**.

3. The Plaintiff is hereby **ORDERED** to provide Defendant's counsel with full and complete responses to the First Set of Interrogatories and Requests for Production of Documents on or before **August 10, 2015**. Defendant shall file a status report on or before **August 17, 2015**, stating whether Plaintiff has responded to the discovery.

4. The Court finds that it is not appropriate to award fees or costs against the Plaintiff at this time and any such request is **DENIED**.

5. However, the Plaintiff is hereby **ADMONISHED** that failure to comply with this Memorandum and Order is likely to result in the imposition of sanctions including an award of fees and/or a recommendation that this case be dismissed, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Specifically, if the Plaintiff does not respond to the discovery on or before August 10, the undersigned will enter an Order to Show Cause and/or schedule a Show Cause Hearing directing

4

the Plaintiff to show cause as to why this case should not be dismissed and/or sanctions issued.

6. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff Jack Cross, via certified mail with return receipt, at 3103 Silverwood Road, Knoxville, Tennessee, 37921.

**IT IS SO ORDERED.**

ENTER:

_____s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge