UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACK E. CROSS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-725-TAV-CCS |
| | ) |
| SUMMIT MEDICAL GROUP, PLLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 636, the Court referred defendant's motion to dismiss for failure to prosecute [Doc. 15] and motion to amend scheduling order [Doc. 17]. In ruling on these motions, the magistrate judge denied the motion to dismiss and ordered plaintiff to answer the outstanding discovery [Doc. 19]. Defendant objected to this order [Doc. 20].

Defendant objects on two grounds: (1) the magistrate judge overstepped his judicial authority in issuing a memorandum and order on the motion to dismiss as opposed a report and recommendation; and (2) the ultimate conclusion, denying defendant's motion to dismiss, is incorrect [Doc. 20 pp. 2–3].

As to the first objection, the matters before the magistrate judge had the potential to dispose of the litigation, making the motions dispositive. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001). In reviewing objections to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence, or return the matter to the magistrate judge with instructions." *Id.* Consequently, the Court will treat the memorandum and opinion as a report and recommendation and complete a de novo review.

Turning to the second objection, defendant moved the Court pursuant to Federal Rule of Civil Procedure 41(b) to dismiss plaintiff's claims [Doc. 15]. Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

"This measure is available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001). The factors to consider before imposing such a dismissal are whether:

> 1) the failure to cooperate with the court's orders was willful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered.

*Id.* at 199. But, "those factors are merely guideposts[,] . . . *not* required 'elements.'" *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (footnote omitted). "Rather, any sanction-motivated dismissal, *even "with prejudice,"* is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the

2

plaintiff.'" *Id.* (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)).

In weighing the four factors, the Court begins with whether plaintiffs' failure to cooperate with the Court's orders was willful or in bad faith. Plaintiff failed to provide any response to defendant's discovery requests [Doc. 20 p. 9]. He has not complied with the deadlines set forth in the scheduling order or the Federal Rules of Civil Procedure. He did not respond to defendant's motion to dismiss, to defendant's motion to amend the scheduling order, or to defendant's objection to the magistrate judge's memorandum and order. When attempting to send defendant mail relating to this action, the Court received a notice that it was undeliverable, demonstrating that plaintiff has not notified the Court of any change of address, despite having an affirmative duty to do so. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."). Furthermore, during a deposition in another action, plaintiff referenced this action and stated that he had no intention of pursuing this litigation [Doc. 20 p. 10].[1]

As for whether the defendant have suffered prejudice, one court observed that "Defendants would be prejudiced if they had to continue their defense where Plaintiff

---

[1] During discovery for that action, *Helen Corfaia Swanson v. Summit Medical Group, PLLC*, Docket No. 3:14-CV-39, plaintiff was subpoenaed and deposed. Plaintiff referenced the instant action during the deposition and stated that he had asked his previous attorney to drop the case, that he was not aware of the status of the case, and that he had no intention of pursuing the lawsuit [Doc. 20 pp. 10–11].

3

willfully declined to respond to their Motion to Dismiss." *Kleiman v. Hurley*, No. CIV.A. 10-214-DLB, 2011 WL 165400, at *1 (E.D. Ky. Jan. 19, 2011). Likewise, here, defendant is prejudiced by having to continue to defend this action despite plaintiff willfully declining to respond to its motion to dismiss, respond to discovery requests, or otherwise prosecute this action. Furthermore, defendant's motion to dismiss serves as a warning to plaintiff that dismissal will be within the Court's contemplation, absent a response from plaintiff rebutting defendant's basis for seeking dismissal. Finally, the Court has considered less severe sanctions, but in light of plaintiff's conduct and statements, the Court finds that dismissal is warranted.

In sum, consideration of the four factors militates in favor of dismissal.

Accordingly, as set forth herein, the objections to the Court's memorandum and order [Doc. 20] are **SUSTAINED** and this action is will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendant's motion to amend scheduling order [Doc. 17] will be **DISMISSED as moot**. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE